# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: | ) |
| | ) |
| BOBBY DON JAMES, | ) CASE NO. 205-00447 |
| | ) |
| Debtor. | ) CHAPTER 7 |
| | ) |
| | ) JUDGE MARIAN F. HARRISON |
| | ) |
| JOHN MCLEMORE, TRUSTEE, | ) ADV. NO. 205-0057A |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| AFFILIATED INVESTORS, LP, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM OPINION

This matter is before the Court on the parties' cross-motions for summary judgment. For the following reasons, the Court finds that the Trustee's motion should be denied and the defendant's motion should be granted.

## I. BACKGROUND

The relevant facts are undisputed. On March 1, 1996, and January 21, 1997, Professional Investors, Limited (hereinafter "PIL") executed deeds of trust in favor of M. Douglas Hodges (hereinafter "Hodges"), conveying an undivided 37.5% interest in real property owned by PIL. The deed of trust executed on March 1, 1996, recites that the interest in real property is collateral for a loan of $445,600 made by Hodges to the debtor individually and to B. Don James & Sons, Inc. (a debtor in a separate case). The deed of trust executed on January 21, 1997, recites that the interest in real property is collateral for a loan of $2.5 million (hereinafter "Master Note") made by Hodges to the debtor individually and to B. Don James & Sons, Inc. The debtor executed the deeds of trust in his capacity as general partner of PIL.

All advances made by Hodges individually were repaid pre-petition. On June 15, 2000, Hodges assigned all of his rights under the deeds of trust to the defendant. The defendant made advances under the $2.5 million Master Note which were not repaid. Each advance made by the defendant under the Master Note was documented by a promissory balloon note executed by B. Don James & Sons, Inc., to which was attached an underlying premium finance contract that the debtor represented was legitimate. The defendant was defrauded by the debtor's false representation that underlying premium finance contracts existed in connection with each advance.

2 - U.S. Bankruptcy Court, M.D. Tenn.

On December 30, 2004, the debtor, acting as general partner of PIL, executed a general warranty deed that purported to convey a 37.5% interest in PIL's real estate to the defendant. The warranty deed did not transfer an interest in the partnership itself. Thereafter, on January 13, 2005, an involuntary petition against the debtor was filed. The Trustee filed this complaint on March 1, 2005.[1]

## II. ARGUMENTS

The Trustee asserts that the deed given by PIL to the defendant is avoidable because the transfer was actually of the debtor's partnership interest in PIL rather than an interest in PIL's real estate. In response, the defendant asserts that the transfer was of real property and that the Trustee cannot avoid the transfer because the property was never owned by the debtor.

## III. SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c), as incorporated by Federal Rule of Bankruptcy Procedure 7056, provides that summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party bears the initial burden of informing the

---

[1] Several counterclaims were filed in this adversary, however, an order severing and consolidating these counterclaims was entered on October 26, 2005.

3 - U.S. Bankruptcy Court, M.D. Tenn.

court of the basis for its motion and of identifying those portions of the pleadings and/or discovery materials which demonstrate that there is no genuine disputed issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986). Once the moving party meets that initial burden, the burden is shifted to the nonmoving party to go beyond the pleadings and by affidavits, depositions, answers to interrogatories, and/or admissions, designate specific facts showing that a genuine issue of fact does remain for trial. *Id.; see also Klepper v. First Am. Bank*, 916 F.2d 337, 342 (6th Cir. 1990) (nonmoving party "must show sufficient evidence to create a genuine issue of material fact" to prevail).

## IV. DISCUSSION

The Trustee asserts in his complaint that the transfer in question is preferential and avoidable pursuant to 11 U.S.C. § 547. The elements of a preferential transfer are set forth in 11 U.S.C. § 547(b), which provides as follows:

Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

    (1)    to or for the benefit of a creditor;

    (2)    for or on account of an antecedent debt owed by the debtor before such transfer was made;

    (3)    made while the debtor was insolvent;

    (4)    made—
        (A) on or within 90 days before the date of the filing of the petition; or

(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—
(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

To succeed at trial, the Trustee would initially have the burden of proving that there was a transfer of an interest of the debtor in property. *Hildebrand v. Res. Bancshares Mortgage Group (In re Cohee)*, 178 B.R. 154, 156 (Bankr. M.D. Tenn. 1995).

As to this initial element, the Trustee relies on the definition of transfer set forth in 11 U.S.C. § 101(54), which defines a transfer as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property..." Based on this definition, the Trustee contends that because the effect of the transfer of PIL's real property was to deplete the debtor's partnership interest in PIL, the fundamental test for a transfer of an interest of the debtor in property is met. The Trustee relies on the Sixth Circuit's opinion in *Taunt v. Fid. Bank of Michigan (In re Royal Golf Prod. Corp.)*, 908 F.2d 91 (6th Cir. 1990), to support his argument.

5 - U.S. Bankruptcy Court, M.D. Tenn.

The Court disagrees with the Trustee's interpretation. In *In re Royal Golf Prod. Corp.*, the Sixth Circuit answered the narrow question of whether "'a payment by a third party to a creditor *on behalf* of a debtor is a voidable preferential transfer when the debtor grants security interests to the third party in exchange for the payment.'" *Id.* at 93 (emphasis added) (quoting *Mandross v. Peoples Banking Co. (In re Hartley)*, 825 F.2d 1067, 1068 (6th Cir. 1987)). In the present case, the issue is whether a transfer made by a third party (PIL) to its creditor (the defendant) on behalf of itself (PIL) is a voidable preferential transfer when the transfer has the effect of reducing the value of the debtor's interest in the third party (PIL). While the Trustee's argument is novel, it would extend the holding of *In re Royal Golf Prod. Corp.* beyond its logical limits.

Instead, the Court relies on the well established law that the filing of a bankruptcy by a partner does not make the partnership assets the assets of the estate. *In re Fairfield Group P'ship*, 69 B.R. 318, 320 (Bankr. E.D. Tenn. 1987) (in context of whether partnership's property was protected by the automatic stay). The assets of a partnership are not to be administered in a partner's bankruptcy proceeding since a partnership is a separate entity from its partners under bankruptcy law. *See In re Jones*, 121 B.R. 122, 125 (Bankr. M.D. Fla. 1990); *Dominican Fathers of Winona v. Dreske (In re Dreske)*, 25 B.R. 268, 270-71 (Bankr. E.D. Wis. 1982); *Littner v. McKanic*, 130 B.R. 129, 131 (E.D.N.Y. 1991); *In re Wallen*, 43 B.R. 408, 410 (Bankr. D. Idaho 1984).

In *In re Jones*, 121 B.R. 122, the court held that the assets of a partnership are not administered in the partner's bankruptcy proceeding, reasoning that a contrary result would ignore the partnership structure, allowing the automatic stay to benefit the debtor partner as well as the non-debtor partners, which would prejudice creditors of the partnership. 121 B.R. at 125. *See also Rodeck v. Olszewski (In re Olszewski)*, 124 B.R. 743, 746 (Bankr. S.D. Ohio 1991) (ruling that the partners have no right to any distribution from the partnership until partnership debts are fully satisfied). The court stated that considering the extent of a debtor partner's ownership in the partnership would require the court to ignore the separate entity type of ownership chosen by the debtor in conducting his business and would, in effect, cause the court to have to "pierce the 'partnership' veil," which would run counter to the very nature of the partnership form. *In re Jones*, 121 B.R. at 125.

In *In re Dreske*, the court found that the interest held by a partner in a partnership is of a personal property nature, wherein he can demand and receive his interest in the partnership assets after an accounting and payment of the partnership debts. 25 B.R. 268, 270-71. Thus, the debtor partner's interest in the partnership, although part of his bankruptcy estate in the form of a personal property interest, does not extend to an interest in the assets actually held by the partnership. *See In re Olszewski*, 124 B.R. 743, 746. *See also In re Palumbo*, 154 B.R. 357 (Bankr. S.D. Fla. 1992) (in context of automatic stay).

Case 3:05-ap-00057    Doc 45    Filed 11/29/05    Entered 11/29/05 12:09:53    Desc Main
Document      Page 7 of 8

Here, there is no dispute that the property transferred to the defendant was owned by PIL. While the debtor has a partnership interest in PIL, it was not this interest that was transferred. The transfer did reduce the assets of PIL, which in turn, reduced the value of the debtor's partnership interest in PIL. However, the Court declines to hold that this was a transfer of the debtor's property.

## V. CONCLUSION

For all of the foregoing reasons, the Court finds that the defendant's motion for summary judgment should be granted because the property transferred was not property of the debtor. For the same reason, the Trustee's motion for summary judgment should be denied, and the Trustee's complaint should be dismissed.

An appropriate order will enter.

/s/Marian F. Harrison

MARIAN F. HARRISON
UNITED STATES BANKRUPTCY JUDGE